UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-242-JGB (KKx)** | Date: | July 8, 2020 |
|---|---|---|---|
| Title: | *M.H. v. City of San Bernardino, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order Denying Plaintiff's Motion to Compel and Request for Sanctions [Dkt. 27]

On June 11, 2020, Plaintiff M.H, a minor by an through his guardian ad litem Nakitta Yuong, ("Plaintiff") filed a Motion to Compel and Request for Sanctions ("Motion") seeking monetary and evidentiary sanctions for Defendant City of San Bernardino's failure to timely serve initial disclosures and to compel production of an unredacted administrative interview of Officer Kerie Brown.  ECF Docket No. ("Dkt.") 27.  The parties filed a Joint Stipulation pursuant to Local Rule 37-2.  Dkt. 28.  For the reasons set forth below, Plaintiff's Motion is DENIED.

# I.
# BACKGROUND

On December 4, 2019, Plaintiff filed a Complaint against Defendant City of San Bernardino ("Defendant")[1] in San Bernardino County Superior Court.  Dkt. 1-1.  Plaintiff seeks monetary damages in connection with an officer-involved fatal shooting of Mr. Sokhom Hon ("Decedent") on or around March 10, 2019.

On February 5, 2020, Defendant removed the action to this Court.  Dkt. 1.

---

[1] Defendant County of San Bernardino was voluntarily dismissed from the action on February 10, 2020.  Dkt. 9.

On March 23, 2020, counsel for both parties met and conferred regarding the Federal Rule of Civil Procedure 26(f) Report ("Rule 26 Report").  Dkt. 28-1, Declaration of Lauren I. Freidenberg ("Freidenberg Decl."), ¶ 15.

On March 26, 2020, the parties filed their joint Rule 26(f) Report.  Dkt. 13.

On April 6, 2020, Plaintiff served his initial disclosures pursuant to the parties' stipulation and Federal Rule of Civil Procedure 26(a) ("Rule 26(a)").  Freidenberg Decl., ¶ 27; Dkt. 28-11, Declaration of Jill Williams ("Williams Decl."), ¶ 6, Ex. 12.

On April 6, 2020, Defendant filed a Motion to Stay the action.  Dkt. 14.

On April 13, 2020, the Court issued the civil trial scheduling order requiring amended pleadings to be filed by July 13, 2020 and setting a discovery cut-off November 30, 2020 and a jury trial for April 13, 2021.  Dkt. 17.

On April 13, 2020, Plaintiff's counsel e-mailed Defendant's counsel regarding Defendant's failure to serve its initial disclosures.  Freidenberg Decl., ¶ 28, Ex. 2 at 13.

On April 14, 2020, Defendant's counsel responded to Plaintiff's counsel's e-mail stating, "As for the initial disclosures, we will be holding off on those until the court issues a ruling on the motion to stay . . . ."  Freidenberg Decl., ¶ 29, Ex. 2 at 12.

On April 15, 2020, Plaintiff's counsel e-mailed a letter to Defendant's counsel requesting to meet and confer pursuant to Local Rule 37-1 regarding Defendant's failure to serve its initial disclosures.  Freidenberg Decl., ¶ 30, Ex. 3.  On April 16, 2020, Defendant's counsel responded to Plaintiff's counsel's letter, again stating Defendant was not refusing to serve initial disclosures, but was waiting for the Court's order on the Motion to Stay.  Id., ¶ 33, Ex. 2 at 9.

On April 24, 2020, however, Defendant's counsel e-mailed Plaintiff's counsel agreeing to serve their initial disclosures by close of business on Monday, April 27, 2020.  Freidenberg Decl., ¶ 35, Ex. 2 at 8.

On April 27, 2020, Plaintiff's counsel responded to Defendant's counsel's agreement to provide initial disclosures by demanding the initial disclosures include "the entire homicide investigation file, in addition to the entire file that was produced to the County of San Bernardino DA" as well as payment of $1,200 for fees incurred meeting and conferring "to obtain documents that should have been produced three (3) weeks ago."  Freidenberg Decl., ¶ 36, Ex. 2 at 7.

On April 27, 2020, Defendant served its initial disclosures.  Freidenberg Decl., ¶ 39, Ex. 4.

On May 1, 2020, Defendant's counsel sent Plaintiff's counsel a draft protective order.  Freidenberg Decl., ¶ 43, Ex. 5.

On May 1, 2020, the Court issued an Order denying Defendant's Motion to Stay.  Dkt. 23.  The Court rejected Defendant's argument that a stay was needed to protect an ongoing investigation, or to allow the County DA to make a decision regarding prosecution of the involved officers.  Id. at 3.  In addition, the Court noted Defendant's failure to mention the potential need for

a stay during the parties' Rule 26 conference and subsequent failure to timely serve its initial disclosures was indicative of "Defendant's cavalier attitude towards Scheduling Order modifications and towards the Rule 26(f) process." Id. at 4.

On May 4, 2020, Defendant filed a proposed stipulated protective order. Dkt. 24. That same day, the Court approved the protective order. Dkt. 25.

On May 6, 2020, Plaintiff served his portion of a joint stipulation for a discovery motion seeking sanctions for Defendant's failure to timely serve its initial disclosures. Williams Decl., ¶ 16, Ex. 16.

On May 7, 2020, Defendant served approximately 117 dispatch recordings, eight body worn camera footage videos, 559 pages of photos, and 388 reports and/or documents via overnight mail. Williams Decl., ¶ 13; Freidenberg Decl., ¶ 60. Defendant's May 7, 2020 production included a transcript of the administrative interview of Officer Brown, who was one of the first officers to arrive on the scene on March 10, 2019, with a single page redacted and labeled "confidential conversation between lawyer/client." Freidenberg Decl., ¶ 62, Ex. 6.

On May 13, 2020, Defendant returned its portion of the joint stipulation for sanctions that had been served on May 6, 2020. Williams Decl., ¶ 17. Plaintiff, however, never filed the motion.

On May 27, 2020, Plaintiff's counsel e-mailed Defendant's counsel a letter requesting to meet and confer regarding production of the unredacted portion of Officer Brown's administrative interview. Freidenberg Decl., ¶ 63, Ex. 7. On May 28, 2020, Defendant's counsel responded to Plaintiff's counsel's e-mail declining to produce an unredacted copy of the transcript.

On June 11, 2020, Plaintiff filed the instant Motion seeking monetary and evidentiary sanctions for Defendant's failure to timely serve its initial disclosures[2] and to compel production of the unredacted transcript of Officer Brown's administrative interview. Dkt. 27. The parties filed a Joint Stipulation pursuant to Local Rule 37-2. Dkt. 28. Neither party filed supplemental briefs. The matter thus stands submitted.

## II.
## DISCUSSION

**A.   APPLICABLE LAW**

Rule 26(b) provides that parties may obtain discovery regarding:

any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at

---

[2] Plaintiff devotes a substantial portion of the Motion to describing Defendant's alleged failure to comply with Plaintiff's California Public Records Request Act from October 17, 2019, before initiating the instant litigation. It is unclear how Plaintiff's separate Public Records Request Act is relevant to the instant action and the Court declines to address any alleged failure to produce documents outside of this litigation.

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Relevant information "need not be admissible in evidence to be discoverable." Id.  A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).  "Relevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD (SAB), 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

> Pursuant to Rule 26(a)(1)(A):
>
> a party must, without awaiting a discovery request, provide to the other parties:
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
> (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A)(iii).  Such initial disclosures must be made "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order . . . ."  Fed. R. Civ. P. 26(a)(1)(C).  "Unless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed, and served."  Fed. R. Civ. P. 26(a)(4).  "A party must make its initial disclosures based on the information then reasonably available to it.  A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures."  Fed. R. Civ. P. 26(a)(1)(E).

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."  Fed. R. Civ. P. 37(a)(3)(A).  In addition, "[i]f a

party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

**B.      ANALYSIS**

As an initial matter, it is undisputed that Defendant failed to serve its initial disclosures on April 6, 2020 as required by the parties' stipulation and Rule 26(a)(1)(C). See Williams Decl., ¶ 5. Defendant, however, served initial disclosures that complied with Rule 26(a)(1)(A) on April 27, 2020. Freidenberg Decl., ¶ 39, Ex. 4.

Plaintiff argues Defendant's April 27, 2020 initial disclosures were insufficient because they did not identify the name of the officer who shot Decedent. Dkt. 28 at 14-15. The Court's review of Defendant's initial disclosures reveals Defendant did provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses." See Freidenberg Decl., ¶ 39, Ex. 4. Defendant distinguished between officers who "responded to call for service and [were] involved in apprehension of [Decedent]" and officers who were merely "involved in investigation of shooting and related issues." Id. Plaintiff also argues Defendant's April 27, 2020 initial disclosures were insufficient because they did not include any documents, body worn camera footage, dispatch calls, or investigative reports. Dkt. 28 at 14-15. Plaintiff, however, provides no support for his assumption that initial disclosures must include a production of documents. In fact, there is no such requirement in Rule 26. See Fed. R. Civ. P. 26(a). Accordingly, the Court finds the April 27, 2020 initial disclosures were sufficient, but untimely.

Defendant argues the delay in serving its initial disclosures on April 27, 2020 was substantially justified and harmless. Dkt. 28 at 26-35. In denying Defendant's Motion for Stay, the Court noted Defendant's argument regarding the basis for the stay was "weak." Dkt. 23. This Court, therefore, finds failing to timely produce initial disclosures on the basis of a "weak" Motion for Stay is not substantially justified. Nevertheless, this Court finds the three-week delay harmless. Compare Upper Deck Co. v. Endurance Am. Specialty Ins. Co., No. 10-CV-1032-JM BGS, 2011 WL 4626016, at *8 (S.D. Cal. Oct. 5, 2011) (finding one-week delay was harmless) with Ollier v. Sweetwater Union High Sch. Dist., 768 F.3d 843, 862 (9th Cir. 2014) (affirming exclusion sanction where initial disclosures were not made until "more than 15 months after the close of discovery"). The deadline for Plaintiff to file an amended pleading is July 13, 2020 and the discovery cut-off is not until November 30, 2020. Dkt. 17. Plaintiff has had sufficient time to conduct discovery regarding Defendant's initial disclosures and then prepare his amended pleading. Moreover, Plaintiff filed a Motion to Amend on June 8, 2020 with a proposed First Amended Complaint naming the four San Bernardino police officers who arrived on the scene. Dkt. 26. Accordingly, the Court finds the delay was harmless and sanctions are not warranted. See Silvagni v. Wal-Mart Stores, Inc., 320 F.R.D. 237, 243 (D. Nev. 2017) (noting "exclusion sanctions are generally limited to 'extreme situations'").

///
///
///
///
///

Hence, Plaintiff's Motion for sanctions is DENIED. In addition, Plaintiff's Motion to compel production of an unredacted version of a document Defendant *voluntarily* produced is DENIED.[3]

## C. REQUESTS FOR ATTORNEY'S FEES

If a motion to compel initial disclosures and for sanctions is denied, "the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

Here, Defendant seeks $3,375.00 in attorney's fees incurred to respond to Plaintiff's first motion regarding the initial disclosures, which was never filed. Dkt. 28 at 37. The Court declines to award Defendant fees incurred in connection with a motion that was never filed. Moreover, because of the similarity between the prior motion and the instant Motion, it is likely much of the work was ultimately used in preparation of Defendant's opposition to the instant Motion.

Regarding the fees incurred in opposing the instant Motion, the Court finds an award of expenses to Defendant would be unjust under the circumstances. While Defendant's belated initial disclosure was ultimately harmless, the delay was without substantial justification.

Hence, Defendant's request for expenses is DENIED. The Court, however, cautions the parties that an award of reasonable expenses to the prevailing party are generally mandatory where a motion to compel discovery is granted, or denied in its entirety. Fed. R. Civ. P. 37(a)(5)(A) and (B).

## III.
## CONCLUSION

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that Plaintiff's Motion is DENIED.

---

[3] The Court notes there is no basis to compel production of a document Defendant was not required to produce, nor is there any basis for requiring Defendant to produce a privilege log for voluntarily produced documents.